STATE v. WALLACE B. DAVIS.

(Filed 19 October, 1932.)

**1. Criminal Law J f—After affirmance of conviction Superior Court may not hear motion for new trial for jury bias or errors at hearing.**

After the Supreme Court has affirmed the judgment against the defendant in a criminal action, the Superior Court is without authority to hear a motion at the next succeeding term for a new trial on the grounds of jury bias, prejudice or attaint, or for errors committed on the hearing.

**2. Criminal Law K f—Superior Court may not stay execution pending application for new trial after affirmance of conviction.**

An application for a stay of execution pending the hearing of a motion for a new trial for bias, prejudice, or attaint of jury or for errors committed during the trial, made after the Supreme Court has affirmed the judgment of conviction, is improvidently granted.

MOTION by State to docket and dismiss appeal.

At the April Special Term, 1931, Buncombe Superior Court, the defendant in the above entitled cause was tried upon an indictment charging him with violations of the banking laws, which resulted in conviction and sentence. The defendant appealed to the Supreme Court. The judgment was affirmed in an opinion filed 15 June, 1932, reported, *ante,* 47.

Immediately thereafter, and before the opinion was certified down, a summary motion was made to review the record and to reconsider the opinion, which was denied 29 June on authority of *S. v. Lea, ante,* 35.

Application was then made to Hon. P. A. McElroy, resident judge of the Nineteenth Judicial District, on 5 July, 1932, to stay the execution of the judgment pending the hearing of a motion to be lodged at the next succeeding term of Buncombe Superior Court for a new trial on the ground of alleged jury bias, prejudice and misconduct. Upon the allegations of the petition, and apparently without notice to the solicitor, stay of execution was granted in accordance with the defendant's request.

At the July Term, 1932, the application for new trial was based upon the following allegations:

First. That several of the jurors were biased and prejudiced against the defendant.

Second. That the officer in charge of the jury was hostile to the defendant, which militated against him on the trial.

Third. That the trial judge gave contradictory instructions to the jury, and counsel for the defendant was inadvertently misled because of an instruction given after the argument had closed..

Hon. John H. Clement, who presided at the July Term, 1932, Buncombe Superior Court, found the facts against the defendant, and, in his discretion, overruled his motion for a new trial, from which the defendant again gave notice of appeal.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*R. R. Williams for respondent.*

STACY, C. J. The motion to docket and dismiss the attempted appeal is allowed on authority of *S. v. Lea, ante,* 316.

The court was without authority to entertain the application on the grounds alleged. The stay of execution was improvidently granted, and the application might well have been dismissed on motion of the solicitor.

Motion allowed.